```
          UNITED STATES BANKRUPTCY COURT
        MIDDLE DISTRICT OF NORTH CAROLINA
               GREENSBORO DIVISION
```

IN RE:                          )
                                )
Jimmy Cooper,                   )   Case No. 10-11701C-13G
                                )
         Debtor.                )
                                )

## OPINION AND ORDER

This case came before the court on January 11, 2011, for a hearing on a Motion for Sanctions Against the Internal Revenue Service (the "Motion"), filed by the Debtor on November 16, 2010. On December 8, 2010, the Internal Revenue Service (the "IRS") filed a Response, requesting that the motion be denied. At the hearing, the Debtor was represented by Tommy S. Blalock, III and the IRS was represented by Steven M. Webster.

The Motion seeks damages for a willful violation of the automatic stay, alleging that following the commencement of this case the IRS continued to garnish the Debtor's wages, even after repeated contacts with the Debtor's attorney. The IRS argues that the Motion should be denied because the Debtor failed to exhaust its administrative remedies prior to filing the Motion, as he was required to do by 26 U.S.C. § 7433(d)(1). At the hearing, the parties stipulated that the Debtor did not pursue any administrative remedies before filing the Motion.

Section 7433(e)(1) provides:

> If, in connection with any collection of

- 1 -

> Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States.

26 U.S.C. § 7433(e)(1).

The damages that are recoverable in a proceeding under section 7433(e) are described in section 7433(b), which provides that the damages shall be equal to the lesser of $1,000,000 ($100,000 in the case of negligence) or the sum of the actual, direct economic damages sustained by the claimant as a proximate result of reckless or intentional or negligent actions of the officer or employee plus the costs of the action. 26 U.S.C. § 7433(b).

The provision relied upon by the IRS as a limitation on the recovery of damages under sections 7433(e)(1) and 7433(b) is contained in section 7433(d)(1) which provides that "[a] judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 11 U.S.C. § 7433(d)(1).

The majority of courts addressing the issue have held that section 7433(d)(1) requires a party to first exhaust its administrative remedies before it petitions the bankruptcy court to recover damages from the IRS. See Kovacs v. U.S., 614 F.3d 666,

- 2 -

673 (7th Cir. 2010) ("prior to recovering for a willful violation of 11 U.S.C. § 524, a party must comply with the requirements of 26 U.S.C. § 7433 that may divest a bankruptcy court of jurisdiction"); In re Abate, No. 07-2953, 2008 WL 1776529, at *2 (D.N.J. Mar. 18, 2008) (finding that the Bankruptcy Court had no subject matter jurisdiction under section 7433(e) since "debtor had not exhausted administrative remedies, which are jurisdictional prerequisites"); In re Lawson, No. 6:04-BK-10607-ABB, 2008 WL 4572389, at *2 (Bankr. M.D. Fla. February 27, 2008) ("[parties] seeking damages pursuant to 26 U.S.C. Section 7433 . . . are required to exhaust their administrative remedies available within the IRS"); In re Lowthorp, 332 B.R. 656, 660 (Bankr. M.D. Fla. 2005) ("while the bankruptcy court is the proper and exclusive venue to consider bankruptcy violations, [debtors are] required to first exhaust their administrative remedies, and the failure to do so is a bar to recovery"); Jacoway v. Dep't of Treasury (In re Graycarr, Inc.), 330 B.R. 741, 747 (Bankr. W.D. Ark. 2005) (finding that administrative remedies must be exhausted prior to filing a petition with the bankruptcy court to recover damages). Contra In re Graham, No. 99-26549-DHA, 2003 WL 21224773, at *2 (Bankr. E.D. Va. April 11, 2003).

In Graham the court found that since section 7433(e) provides that a petition to the bankruptcy court is the "exclusive remedy" for recovering damages and section 7433(e) makes no mention of

exhausting administrative remedies, the requirement of section 7433(d) was not applicable. Id. However, as other courts have noted, section 7433(e) should not be read in isolation. The damages that are recoverable under section 7433(e) are specified in section 7433(b) and under the clear language of section 7433(d), the damages that are recoverable under section 7433(b) may not be awarded unless the claimant has exhausted the administrative remedies available to the claimant.

This court believes that the better view regarding section 7433 is that a claimant must exhaust the available administrative remedies within the IRS before seeking to recover damages from the IRS in the bankruptcy court for a violation of the automatic stay and adopts such interpretation in this case. It is undisputed that the Debtor in this case has not done so. Therefore, the Motion shall be denied without prejudice.

IT IS SO ORDERED.

This 19th day of January, 2011.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Jimmy Cooper
2621 Yanceyville Street, Apt. E
Greensboro, NC 27405

Tommy S. Blalock, III, Esq.
604 Green Valley Road, Suite 210
Greensboro, NC 27408

Steven M. Wesbster
Sepcial Assistant
U.S. Attorney
320 Federal Place, Room 509
Greensboro, NC   27401